UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEMEKO L. MAYES,

    Plaintiff,

v.                                        Case No. 8:16-cv-3249-T-AAS

ANDREW SAUL,
**Commissioner of Social Security,**

    Defendant.
_____/

## ORDER

Lemeko L. Mayes's counsel moves for an award of $8,642.46 in attorney's fees under 42 U.S.C. § 406(b). (Doc. 21). The Commissioner did not respond to the motion.[1]

Mr. Mayes applied for supplemental social security income, which was denied initially and upon reconsideration. (Tr. 75–94). Mr. Mayes then requested a hearing before an ALJ, who found Mr. Mayes not disabled. (Tr. 32–42, 111–13). The Appeals Council denied Mr. Mayes's request for review of the ALJ's decision. (Tr. 1–3). Mr. Mayes then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision, and the Clerk later entered judgment for Mr. Mayes. (Docs. 16, 17).

The Commissioner found Mr. Mayes disabled on remand. The Social Security

---

[1] Although the Commissioner indicated it "reserves the right to object," the Commissioner did not object. (Doc. 21, p. 4). When the Commissioner fails to object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

Administration informed Mr. Mayes's counsel that it withheld $8,642.46 from Mr. Mayes's past-due benefits to pay his attorney's fees. (Doc. 21-2, p. 4). Mr. Mayes's counsel now requests that award under 42 U.S.C. § 406(b). (Doc. 21).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Mr. Mayes agreed his counsel could request twenty-five percent of past-due benefits for attorney's fees (Doc. 21-3, Ex. A), an award of attorney's fees of $8,642.46 is appropriate.

The court previously awarded Mr. Mayes's counsel $6,130.87 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 19). However, the amount of $5,848 went to paying a federal debt owed by Mr. Mayes, presumable leaving $282.87 in attorney's fees.[2] (*See* Doc. 21-3, Ex. B). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Therefore, Mr. Mayes's counsel must refund any attorney's fees awarded under the EAJA.

Accordingly, the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 21) is **GRANTED.** Mr. Mayes's counsel is awarded $8,642.46 in attorney's fees. Counsel must refund Mr. Mayes any attorney's fees received under the EAJA.

---

[2] Mr. Mayes's counsel states that the EAJA award was "wholly offset by [Mr. Mayes's] federal debt." (Doc. 21-2, p. 2).

**ORDERED** in Tampa, Florida, on December 31, 2020.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge